United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> MICHAEL BORIA, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Criminal Action No. <br> 00-40024-NMG |

MEMORANDUM & ORDER

GORTON, J.

I. **Background**

On November 30, 2001 the defendant, Michael Boria, was convicted by a jury in this Court of 1) three counts of aiding and abetting possession with intent to distribute heroin, 2) two counts of possession with intent to distribute heroin and 3) two counts of possession with intent to distribute methamphetamine. He was sentenced to 327 months in prison pursuant to the guideline sentencing range ("GSR") for career offenders. See United States Sentencing Guidelines ("USSG") § 4B1.1. The career offender GSR applies where 1) the defendant was over the age of 18 at the time of the offense, 2) the offense of conviction is either a violent crime or a controlled substance violation and 3) the defendant has two prior convictions of either a violent crime or a controlled substance violation. Id.

-1-

That sentencing scheme overrides the offense level dictated by the underlying offense as well as the criminal history category that would otherwise apply. The GSR prescribes that the offense level will be determined by the statutory maximum term of imprisonment for the specific offense. Boria's offenses subjected him to a statutory maximum of 40 years of imprisonment, which corresponds to an offense level of 34 on the career offender GSR. The GSR also places all qualifying career offenders in criminal history category VI. That combination of offense level and criminal history category yielded a sentencing range of 262-327 months. Boria was sentenced at the upper end of the range based upon a finding that he was an "unremitting recidivist".

In January, 2015 defendant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a sentence determined according to a sentencing range that was later reduced by the Sentencing Commission. He relied upon USSG Amendment 782 ("Amendment 782"), which was adopted by the Sentencing Commission in April, 2014 and permits a retroactive, two-level reduction of the base offense levels for drug offenders sentenced pursuant to USSG §§ 2D1.1 and 2D1.11.

## II. Analysis

The United States Court of Appeals for the First Circuit ("the First Circuit") has not yet addressed the question of whether the reduction allowed by Amendment 782 applies to defendants convicted of drug crimes but sentenced under the career offender GSR. That issue is very similar, however, to one that arose in relation to a retroactive sentencing reduction for crack cocaine offenses created by USSG Amendment 706 ("Amendment 706") in 2007. Just as does Amendment 782, Amendment 706 permits defendants to petition for retroactive reduction of their sentences under 18 U.S.C. § 3582(c)(2).

In that context, the First Circuit found that the plain meaning of § 3582(c)(2) did not permit a sentence reduction for defendants who were convicted of crack cocaine offenses but were sentenced in accordance with the career offender GSR. <u>United States</u> v. <u>Caraballo</u>, 552 F.3d 6, 9-11 (1st Cir. 2009). Section 3582(c)(2) provides for the reduction of a defendant's sentence only where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The <u>Caraballo</u> court concluded that, because the career offender guideline incorporates its own sentencing range, defendants sentenced in accordance with that guideline are not sentenced "based on" the sentencing range for the underlying crack cocaine offense.

That interpretation aligns with the commentary in the USSG Manual with respect to 18 U.S.C. § 3582(c)(2). The Sentencing Commission notes that a reduction under § 3582(c)(2) is not authorized where Amendment 782 applies but "the operation of another guideline" prevents it from lowering the defendant's guideline sentencing range. USSG § 1B1.10 Application Note 1(A). In the present case the career offender guideline overrides the guideline for drug offenses thus negating any application of Amendment 782 to Boria's sentencing range.

While Caraballo addressed a case in which the defendant was sentenced after the USSG became advisory, a companion case reached the same conclusion in relation to sentencing under the mandatory guidelines, which applied when Boria was sentenced. See United States v. Avala-Pizarro, 551 F.3d 84, 85 (1st Cir. 2008). Further, in addressing the new issue created by Amendment 782, district courts in other circuits have adhered to the principles stated in Caraballo and found that the sentence reduction is unavailable to defendants sentenced under the career offender GSR. See, e.g., United States v. Aristizabel, No. 02-822, 2015 U.S. Dist. WL 4111455, at *2 (S.D.N.Y. June 26, 2015). This Court has adhered to that principle in several cases, see, e.g., United States v. LaBoy, 658 F.Supp.2d 263, 265 (D. Mass. 2009), and finds no reason to depart from it now.

**ORDER**

In accordance with the foregoing, defendant's motion for a sentence reduction (Docket 127) is **DENIED**.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton
                                                 Nathaniel M. Gorton
                                                 United States District Judge

Dated December 1, 2015