UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL BORIA,
     Movant,

v.                      Crim. No. 00-cr-40024-NMG
                      Civil No. 16-cv-40086-NMG

UNITED STATES OF AMERICA,
     Respondent.

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND**
***JOHNSON V. UNITED STATES*, 135 S. Ct. 2551 (2015)**
**– LEAVE TO FILE GRANTED ON FEBRUARY 12, 2018 –**

## I.    INTRODUCTION

On June 23, 2016, Michael Boria filed a motion to correct sentence pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*) (ECF No. 159[1]).  In 2001, Mr. Boria was convicted of seven controlled substance offenses in violation of 21 U.S.C. § 841(a)(1).  At sentencing, this Court ruled that Mr. Boria qualified as a career offender, finding that his prior convictions for California robbery, Massachusetts armed robbery, Massachusetts assault and battery with a deadly weapon ("ABDW"), Massachusetts assault with intent to rob, and Massachusetts assault with a deadly weapon ("ADW") qualified as crimes of violence under U.S.S.G. § 4B1.2.

The effect of this finding was to significantly increase Mr. Boria's then-mandatory Guidelines range.  His total offense level was raised from 32 to 34, thereby increasing the Guidelines range he faced at sentencing from 210 – 262 months, to 262 – 327 months.  This Court sentenced him to 327 months.

---

[1] The petition was simultaneously filed as a civil matter, 16-cv-40086-NMG.

Under *Johnson II*, Mr. Boria should not have been sentenced as a career offender because the predicate state crimes do not qualify as "crimes of violence."  In *Johnson II*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.  135 S.Ct. at 2557.  Like the residual clause of the ACCA, section 4B1.2 of the Sentencing Guidelines defines a "crime of violence" using language that is void for vagueness.  *See Moore v. United States*, 871 F.3d 72 (1st Cir. 2017).  Mr. Boria, who received a sentencing enhancement when the guidelines were mandatory, is entitled to relief under 28 U.S.C. § 2255 because neither California robbery nor Massachusetts armed robbery, ABDW, assault with intent to rob, or ADW qualify as "crimes of violence" under any of the alternative definitions contained in § 4B1.2 (as offenses that have as an element the use, attempted use, or threat of violent physical force, or as one of four specifically enumerated offenses).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  Mr. Boria's career offender sentence was predicated on the residual clause, found unconstitutionally vague in *Johnson II*. "[I]mposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Johnson II*, 135 S.Ct. at 2563.  Thus, Mr. Boria's claim for relief is cognizable under the plain language of § 2255(a).[2]

---

[2] Unlike other grounds for relief under 28 U.S.C. § 2255(a), there is no requirement that constitutional error also constitute a "miscarriage of justice." *See Narvaez v. United States*, 674 F.3d 621, 623 n.2 (7th Cir. 2011) ("miscarriage of justice" standard applies only to "a non-jurisdictional, non-constitutional error of law"); *United States v. Foote*, 784 F.3d 931, 936 (4th

This claim is timely filed within one year of the decision in *Johnson II*. *See* 28 U.S.C. § 2255(f)(3) (claims may be filed within one year of the date when a new right "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

Because he had previously filed a § 2255 petition, Mr. Boria also moved to stay the petition in this Court, and, prior to filing the petition in this Court, applied in the First Circuit Court of Appeals for leave to file a second or successive motion under 28 U.S.C. § 2255 (App. Ct. No. 16-1803). This Court granted the stay on July 11, 2016 (ECF No. 162). The First Circuit granted the application for leave to file a second or successive § 2255 petition on November 17, 2017 (*see* Dkt. No. 163), and this Court ordered briefing on the petition on November 22, 2017 (Dkt. No. 166). Therefore, Mr. Boria respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

## II.   STATEMENT OF FACTS

### A.   Indictment, trial and Pre-Sentence Report

On June 28, 2000, a federal grand jury returned a seventeen-count indictment charging Mr. Boria with twelve counts of distribution of heroin and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 842(a)(1), and three counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). On November 14, 2001, a fourteen-count superseding indictment

---

Cir. 2015) (same); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011); *Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014).

issued charging twelve counts of distribution of heroin and two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 842(a)(1).  *See* Exhibit A; *see also* Pre-Sentence Report ("PSR") at ¶ 3.  On November 30, 2001, following a four-day jury trial, Mr. Boria was convicted of five counts of distribution of heroin and two counts of distribution of methamphetamine.  *See* Exhibit B; *see also* PSR at ¶ 18.

The PSR calculated a base offense level of 28.  *See* PSR at 15 (citing U.S.S.G. § 2D1.1(c)(6)[3]).  The offense level was increased by two levels for role in the offense (citing U.S.S.G. § 3B1.1(c)) and by two levels for obstruction of justice (citing U.S.S.G. § 3C1.1), for a total offense level of 32.  *See* PSR at 15-16.  However, because the PSR claimed that Mr. Boria had at least two prior felony convictions that qualified as a "crime of violence" under U.S.S.G. § 4B1.2, it then raised his total offense level to 34.  PSR at 16 (citing § 4B1.1(C)[4]).  At criminal history VI, the PSR calculated Mr. Boria's final adjusted offense level as 34 and his Guidelines range as 262 – 327 months in prison.

---

[3] Unless otherwise indicated, this and all citations to the United States Sentencing Guidelines are to the Nov. 1, 2001 edition used in the PSR. Mr. Boria was sentenced on March 19, 2003, and presumably, pursuant to U.S.S.G. § 1B1.11(a), the Court used the Guidelines that were in effect on that date, i.e., the edition dated Nov. 1, 2002.  However, the second revised PSR dated February 28, 2003, continued to cite to the Nov. 1, 2001 edition (*see* PSR ¶ 55), and for purposes of the instant § 2255 petition, the changes to § 4B1.1 made in the Nov. 1, 2002 edition are not relevant.
[4] This citation appears to be an error.   The correct citation is § 4B1.1(**B**), as the statutory maximum is 40 years.  *See* First Addendum to PSR, Gov. Obj. #2 and Probation Officer's Response.

**B.      Sentencing**

Mr. Boria appeared in this Court for sentencing on March 3, 2003.  *See* Dkt. No. 112.  At sentencing, this Court found that Mr. Boria did qualify as a career offender.  *See* Transcript of Sentencing Hearing ("Exhibit C") at 20-21.  This Court accordingly calculated his Guidelines the same as the PSR, with a total offense level of 34,[5] a criminal history category of VI, and a Guidelines range of 262 – 327 months.  *Id*. at 21.  The defense requested a sentence at the low end of the Guidelines range, 262 months; the government requested an upward departure to the statutory maximum of 40 years.  *See* Dkt. Nos. 110 (Def. Sent. Memo.) and 104 (Gov. Sent. Memo.).

This Court elected to sentence the Defendant to the maximum Guidelines sentence of 327 months.  Ex. C at 36, *see also* Judgment and Statement of Reasons, Dkt. Nos. 113-114.

**C.      Subsequent events**

Mr. Boria appealed his conviction (First Circuit No. 03-1448).  On March 3, 2004, the First Circuit summarily affirmed the conviction.  *See* Dkt. No. 124 (First Circuit Mandate).  On March 27, 2005, Mr. Boria filed a *pro see* motion to vacate his sentence, claiming ineffective assistance of counsel and *Apprendi* error.  *See* Dkt. No. 125.  This petition was denied on October 27, 2005.  *See* Dkt. No. 4 in related civil case, *Boria v. United States*, No. 05-cv-40082-NMG (noted on criminal docket

---

[5] The Statement of Reasons section of the Judgment lists the total offense level as 32.  *See* Dkt. No. 114 at 1.  However, this appears to be a clerical error, as the oral pronouncement of sentence, as well as the remainder of the Judgment, reflects that the total offense level determined by the Court was 34.

on May 21, 2010).  On January 15, 2015, Mr. Boria filed a *pro se* motion for reduction in sentence pursuant to Guidelines Amendment 782.  *See* Dkt. Nos. 126, 127.  The motion was denied on December 1, 2015, on the basis that Mr. Boria's sentence was based on the career offender guidelines rather than the underlying drug offense.  *See* Dkt. No. 151, 152.

On June 25, 2015, the Supreme Court issued its decision in *Johnson II* striking down the "residual clause" of the ACCA as unconstitutionally vague.  135 S. Ct. at 2557.  On June 23, 2016, Mr. Boria filed a counseled motion to correct sentence pursuant to 28 U.S.C. § 2255 and *Johnson II*, which is the motion currently before this Court.  *See* Dkt. No. 159.  Because he had previously filed a § 2255 petition, Mr. Boria also moved to stay the petition in this Court, and, prior to filing the petition in this Court, applied in the First Circuit Court of Appeals for leave to file a second or successive motion under 28 U.S.C. § 2255 (App. Ct. No. 16-1803).  This Court grated a stay on July 11, 2016 (ECF No. 162).  The First Circuit granted the application for leave to file a second or successive § 2255 petition on November 17, 2017, and this Court ordered briefing on the petition on November 22, 2017.  *See* Dkt. Nos. 163, 166. (ECF No. 166). Mr. Boria requested and was granted an extension to file his memorandum, until February 12, 2017.  *See* Dkt. Nos. 167-168.

## III.  ARGUMENT

Mr. Boria's sentence was enhanced because this Court found that the following prior convictions qualified as "crimes of violence" under the then-mandatory Career Offender sentencing guideline:

1. California robbery, California Penal Code § 211 (PSR ¶¶ 78, 78A);

2. Massachusetts armed robbery, Mass. G.L. ch. 265, § 17 (PSR ¶¶ 82, 83, 83A);

3. Massachusetts assault and battery with a deadly weapon ("ABDW"), Mass. G.L. ch. 265, § 15A (PSR ¶ 83);

4. Massachusetts assault with intent to rob, Mass. G.L. ch. 265, § 20 (PSR ¶ 83B); and

5. Massachusetts assault with a deadly weapon ("ADW"), Mass. G.L. ch. 265, § 15B(b) (PSR ¶ 83).

In light of *Johnson II*, Mr. Boria's sentence violates due process of law.

Under U.S.S.G. § 4B1.1, Mr. Boria's prior state convictions for California robbery, and Massachusetts armed robbery, ABDW, assault with intent to rob, and ADW may only enhance his sentence if they qualify as "crimes of violence." Section 4B1.1 defines "crime of violence" by reference to U.S.S.G. § 4B1.2, which provides three ways for a prior conviction to qualify as a crime of violence: (1) as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) under § 4B1.2's residual clause; or (3) as an enumerated offense. Because Mr. Boria's prior convictions do not qualify as crimes of violence after *Johnson II*, he is entitled to correction of his sentence. As set forth below, Mr. Boria is entitled to relief under 28 U.S.C. § 2255 because his constitutional claim under *Johnson II* is cognizable, the rule announced in *Johnson II* is retroactive, and his claim is timely.

### A.   Mr. Boria's prior convictions do not qualify as crimes of violence after *Johnson II*, and his current sentence violates due process of law

#### 1.   Under U.S.S.G. §§ 4B1.1 and 4B1.2, a conviction can only serve as a crime of violence if it qualifies under the force clause or as an enumerated offense

The Sentencing Guideline applicable to a defendant convicted of a violation under 21 U.S.C. § 841(a)(1) is U.S.S.G. § 2D1.1. However, U.S.S.G. § 4B1.1 provides an enhanced offense level for defendants whose instant offense of conviction is a "controlled substance offense," with prior convictions for one or more felony "controlled substance offense[s]" or "crime[s] of violence." *See* U.S.S.G. § 4B1.1. To define "crime of violence," § 4B1.1 incorporates the definition of that term from § 4B1.2. *See* U.S.S.G. § 4B1.1, comment. (n.1). An offense can qualify as a "crime of violence" under U.S.S.G. § 4B1.2 in one of three ways: by satisfying the "force clause" in § 4B1.2(a)(1); by satisfying the "residual clause" in § 4B1.2(a)(2); or by constituting one of the enumerated offenses listed in § 4B1.2(a)(2).

Specifically, § 4B1.2(a) reads:

(a)      The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

## 2.    *Johnson II* invalidates the residual clause of § 4B1.2

### a.    *Johnson II* holds that the ACCA's residual clause is unconstitutionally vague

In *Johnson II*, the Supreme Court declared the residual clause of the ACCA to be "unconstitutionally vague."  135 S. Ct. at 2557.  The ACCA residual clause allowed a prior conviction to qualify as a "violent felony" for purposes of enhancing a defendant's sentence if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another."  *See* 18 U.S.C. § 924(e)(2)(B)(ii).  In *James v. United States*, the Supreme Court set out the test for determining whether a predicate offense qualified under the ACCA residual clause,  *See* 550 U.S. 192, 208 (207) overruled by *Johnson II*.  Under *James*, courts were to use the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."  *Id*.

*Johnson II* identified two features of the residual clause that rendered it unconstitutional.  First, the residual clause presents the problem of determining what conduct illustrates the "ordinary case" of a crime under the *James* test, forcing judges to "imagine how the idealized ordinary case of a crime subsequently plays out."  *Johnson II*, 135 S. Ct. at 2557-2558.  Second, the residual clause analysis leaves no way to reliably determine how much risk the "ordinary case" must present to constitute a "serious potential risk" of physical injury.  *See id*. at 2558.  The "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and so

"[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. The Court overruled its contrary decisions in *James* and *Sykes v. United States*, 131 S. Ct. 2267 (2011). *Johnson II*, 135 S. Ct. at 2562-2563.

**b.** ***Johnson II*'s holding applies equally to the residual clause at issue in this case, U.S.S.G. § 4B1.2**

A defendant convicted of a controlled substance violation under 21 U.S.C. § 841(a)(1) is sentenced pursuant to U.S.S.G. § 2D1.1. Such defendants are subject to the Career Offender Guideline enhancement in U.S.S.G. § 4B1.1. The Career Offender Guideline defines "crime of violence" in § 4B1.2. *See* U.S.S.G. § 4B1.1, comment. (n.1); U.S.S.G. § 4B1.2. Mr. Boria's prior convictions for California robbery, and Massachusetts armed robbery, unarmed assault to rob, ABDW and ADW cannot qualify as "crimes of violence" under § 4B1.1(a)(2)'s residual clause because that clause is void for vagueness after the Supreme Court's decision in *Johnson II.*

For those defendants like Mr. Boria, who were sentenced prior to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 245 (2005), which made the Sentencing Guidelines "advisory," *Johnson II*'s holding applies equally to the Career Offender residual clause, U.S.S.G. § 4B1.2(a)(2), rendering it void for vagueness. Section 4B1.2(a)(2) repeats the ACCA's residual clause verbatim. *Compare* U.S.S.G. § 4B1.2(a)(2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") *with* 18 U.S.C. § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical

injury to another").[6]  Accordingly, the First Circuit interprets the clauses identically

and applies ACCA residual clause precedent in career offender cases.  *See, e.g.*,

*United States v. Steed*, 2018 U.S. App. LEXIS 869 at **9-10 (1st Cir. Jan. 12, 2018)

(noting that precedents that "construe the force clause in the definition of a 'violent

felony' under ACCA are directly relevant to the analysis that the court must

undertake in construing the force clause of the career offender guideline's definition

of a 'crime of violence.'"); *United States v. Hart*, 674 F.3d 33, 41 n.5 (1st Cir. 2012)

(explaining that, because ACCA's definition of a "violent felony" is "almost

identical[]" to the Sentencing Guidelines' definition of a "crime of violence," the

court has held that "'decisions construing one term inform the construction of the

other'") (quoting *United States v. Holloway*, 630 F.3d 252, 254 n.1 (1st Cir. 2011)).

Therefore, *Johnson II*'s discussion of the legal uncertainty and infirmity inherent in

an ACCA residual clause analysis applies to § 4B1.2(a)(2), at least for pre-*Booker*

cases like Mr. Boria's.  This includes the retroactivity analysis in *Welch v. United

States*, 136 S. Ct. 1257 (2016), where the Supreme Court found *Johnson II*

retroactive to cases on collateral review.

    The text of *Johnson II* supports this conclusion as well.  Indeed, *Johnson II*

relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate

that it "has proved nearly impossible" to "mak[e] sense of the residual clause" in the

---

[6] As the Sentencing Commission previously explained, the definition of "crime of violence" in § 4B1.2(a) was "derived from 18 U.S.C. § 924(e)," U.S.S.G. App. C, Amend. 268 (1989); was made in "respon[se] to Congress's enactment of the Armed Career Criminal Act"; and was "based on the definition of the term 'violent felony' in the ACCA."  U.S. Sent'g Comm'n, *Report on the Continuing Impact of* United States v. Booker *on Federal Sentencing*, Pt. C (Career Offenders), at 4 (2012).

ACCA.  *See* 135 S. Ct. at 2559-2560 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010), *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010), *United States v. Williams*, 559 F.3d 1143 (10th *Cir.* 2009)).

Additionally, the Sentencing Commission itself has recognized that *Johnson II* has rendered § 4B1.2(a)(2)'s residual clause void, and amended the guideline in November 2016 deleting the residual clause.  *See* U.S.S.G., App. C, Amend. 798 (2016) ("The Commission determined that the residual clause at §4B1.2 implicates many of the same concerns cited by the Supreme Court in *Johnson*, and, as a matter of policy, amends §4B1.2(a)(2) to strike the clause.").

Finally, this Court has squarely invalidated § 4B1.2's residual clause after *Johnson II* for pre-*Booker* cases.  *United States v. Roy*, No. 00-40013, 2017 U.S. Dist. LEXIS 169425 at \*\*14-15 (D. Mass. Oct. 13, 2017) ("under the rule announced in *Johnson II*, as interpreted by the First Circuit, the residual clause of the career offender  guideline is void for vagueness and that rule applies retroactively on collateral review" to pre-*Booker* sentences).

Accordingly, the Supreme Court's ruling in *Johnson II* invalidates the residual clause of § 4B1.2,and this in turn applies to Mr. Boria's pre-*Booker* sentence, which was enhanced for crimes of violence under that clause.

## B.     After *Johnson II*, Mr. Boria's prior convictions cannot qualify as crimes of violence

Mr. Boria's sentence cannot be enhanced under § 4B1.1 because none of his prior state convictions can count as crimes of violence after *Johnson II*.  For pre-

*Booker* cases like Mr. Boria's, there are two ways a conviction can qualify as a crime of violence under the Career Offender sentencing guideline: (1) under the force clause, or (2) as a match for one of the four enumerated, generic offenses.  None of Mr. Boria's prior convictions qualify under either of these two.

> **1. Mr. Boria's convictions for robbery under California Penal Code § 211, and armed robbery under M.G.L. ch. 265, § 17, are not crimes of violence after *Johnson II***

None of Mr. Boria's robbery convictions can be considered crimes of violence after *Johnson II*.  First, both California robbery and Massachusetts armed robbery do not qualify as crimes of violence under the "force clause" because they can be accomplished by the accidental use of force.  Second, robbery is plainly not one of the four enumerated offenses.  Additionally, the reference to "robbery" in the application note to § 4B1.2 does not operate to add the generic crime of robbery to the list of enumerated offenses.  Finally, robbery cannot qualify as a crime of violence under the residual clause, which is now void for vagueness following *Johnson II*, at least for pre-*Booker* career offender cases such as Mr. Boria's.

> **a. Neither California robbery nor Massachusetts armed robbery is a crime of violence under the force clause**

> **i.   California robbery**

Mr. Boria has two prior convictions for robbery in California, which is found under California Penal Code § 211.  *See* PSR ¶¶ 78, 78A.  The statute provides:

> Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

Cal. Penal Code § 211.

On its face, the language of the California statute appears to have "as an element the use, attempted use or threatened use of physical force against the person of another."  However, applying Supreme Court precedent in *Taylor v. United States*, 495 U.S. 575 (1990), and *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), under the categorical approach the Court must look to the least amount of force that could result in a conviction under this statute to determine whether it would necessarily result in a conviction based on the federal definition of physical force as defined in *Johnson v. United* States, 559 U.S. 133 (2010) (*Johnson I*).  The phrase "physical force" means violent force – that is, "force capable of causing physical pain or injury to another person." *United States v. Collins*, 811 F.3d 63, 66-67 (1st Cir. 2016) (citing *Johnson I*, 559 U.S. at 140).

The Court looks to California's interpretations of the statute to make this determination.  *See Johnson I*, 559 U.S. at 138 (stressing that, in deciding whether a state conviction is a "violent felony" under the ACCA, federal courts are "bound by the [state] Supreme Court's interpretation of state law, including its determination of the elements of" that statute of conviction); *Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither [the Supreme] Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State").

In *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), the Ninth Circuit held that Cal. Penal Code § 211 does not have such an element, because it can be violated with the use of accidental force.  In *Dixon*, the Ninth Circuit addressed an identical provision in the ACCA, defining a "violent felony" to include offenses with

14

"an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The court adhered to a long line of Ninth Circuit and Supreme Court precedent limiting violent felonies under the ACCA as well as crimes of violence under 18 U.S.C. § 16(a) to those that require the intentional use of violent force.  805 F.3d at 1197 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 12-3 (2004) and *Johnson I*).

The Ninth Circuit then carefully examined § 211 under the categorical approach.  *Id*. at 1197-1198.  The court noted that, in identifying the elements of a state statute, a court looks both to the language of the statute and state judicial opinions interpreting it.  *Id*.  The court then looked to the California Supreme Court's decision in *People v. Anderson*, 252 P.3d 968, 972 (Cal. 2011), which interpreted the intent requirement for robbery under § 211.  *Id*. at 1197.  The court found *Anderson* to be dispositive on the issue of the intentional use of force.  Specifically, the court held that *Anderson* delineates a class of § 211 robbery convictions where the defendant may use force accidentally or negligently, thereby failing the elements test requiring the use of "intentional" force.  *Id*. at 1198 (citing *Leocal*).  The *Dixon* court went on to hold that § 211 is indivisible under *Descamps*, *id*. at 1198, and therefore that a conviction under the statute can *never* qualify as a violent felony under the force clause.  *Id*. at 1199.  Section 211 therefore does not qualify under the force clause of the ACCA.

As noted above, precedents that, like *Dixon*, construe the force clause in the definition of a "violent felony" under the ACCA are directly relevant to the analysis that the court must undertake in construing the force clause of the career offender

guideline's definition of a "crime of violence." *Steed*, 2018 U.S. App. LEXIS 869 at *10.  Because California robbery cannot qualify as a crime of violence under the force clause of the ACCA, it likewise cannot qualify as a crime of violence under the force clause of U.S.S.G. § 4B1.2.

### ii.    Massachusetts armed robbery

Mr. Boria has three prior convictions for armed robbery in Massachusetts, which is codified at M.G.L. ch. 265, § 17.  *See* PSR ¶¶ 82, 83, 83A.  The statute provides:

> Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years . . . .

Mass. Gen. Laws ch. 265, § 17

Petitioner is aware that in a recent case from this District, the Court found that the Massachusetts crime of armed robbery counts as a "crime of violence" under U.S.S.G. § 4B1.2(a).  *Ferguson v. United States*, No. 12-cr-10241-FDS, 2018 U.S. Dist. LEXIS 6377 at *17 (Jan. 16, 2018).  *Ferguson* does not apply to the instant case, however, in that it was a post-*Booker* case, and, citing *Beckles*, analyzed the offense under the residual clause of U.S.S.G. § 4B1.2(a).  *Id.* at *15. Instead, this case must be analyzed under the post-*Johnson II* ACCA line of cases.

In *United States v. Starks*, 861 F.3d 306, 322 (1ˢᵗ Cir. 2017), the First Circuit held that Massachusetts armed robbery cannot count categorically as a predicate violent felony under the ACCA.  *See also, United States v. Lewis*, No. 99-cr-10416-NMG, 2017 U.S. Dist. LEXIS 132128, at *1 (D. Mass. Aug. 17, 2017).

16

In *Starks*, the First Circuit examined both Massachusetts unarmed robbery and armed robbery under the categorical approach.  As regards unarmed robbery, the Court found that it did not satisfy the force clause of the ACCA because it "only requires force sufficient to make the victim aware of the theft, [therefore] it may involve no more force against the victim than a mere touching."  861 F.3d at 320. Turning the Massachusetts armed robbery, the Court concluded that the force required under armed robbery is the same are required in unarmed robbery, because the victim of an armed robbery need not be aware that the robber is armed. *Id*. at 320-324.

Because Massachusetts robbery cannot qualify as a crime of violence under the force clause of the ACCA, it likewise cannot qualify as a crime of violence under the force clause of U.S.S.G. § 4B1.2.

**b.  Robbery does not qualify as an enumerated offense**

**i.     "Robbery" is not listed as one of the enumerated offenses**

The Career Offender sentencing guideline names four generic crimes that, if a prior statute of conviction matches their elements, qualify that statute as a crime of violence.  *See* U.S.S.G. § 4B1.2(a)(2).  The four generic crimes are "burglary of a dwelling, arson, … extortion, [or] involves use of explosives.  *Id*.  "Robbery" is not one of the enumerated offenses, and neither California's robbery statute nor Massachusetts armed robbery statute is a match for any of the four:  they are not burglary of a dwelling, arson or extortion, and do not involve the use of explosives. Therefore, robbery cannot qualify under this section.

Defendant is aware that the enumerated offenses clause in the Career Offender Guideline was amended in 2016 to expressly include robbery.   The guideline was amended, in part, as a result of *Johnson II*.  *See* U.S.S.G. App. C, Amend. 798 (2016).  However, this amendment has not impact on Mr. Boria's *Johnson II* claim because it would violate the *ex post facto* clause to apply the current amendment at resentencing.

The Constitution forbids the passage of ex post facto laws, a category including "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 133 S. Ct. 2072, 2077-2078 (2013).  *Peugh* addressed "whether there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." *Id*. at 2078.  The Supreme Court held that there was an *ex post facto* clause violation because the newly promulgated Guidelines allowed the government "to enhance the measure of punishment by altering the substantive 'formula' used to calculate the applicable sentencing range." *Id*. (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499, 505 (1995)).  As the Supreme Court observed: "[t]he federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing.  A retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an ex post facto violation." *Peugh*, 133 S. Ct. at 2084.

If the Court grants Mr. Boria's motion for relief, he cannot be resentenced if the amended guidelines – enacted after his offense conduct – increase his punishment, thereby violating the *ex post facto* clause.  *See* U.S.S.G. § 1B1.11(b)(1) (directing the Court to use the Guidelines Manual in effect on the date that the offense was committed if using the Guidelines Manual on the date of sentencing would violate the ex post facto clause); *Peugh*, 133 S. Ct. at 2078.  Accordingly, the new Guidelines have no impact on the instant *Johnson II* motion, as any increase or variance based on the amendment to Mr. Boria's guidelines calculation at a future resentencing date would violate the *ex post facto* clause.

### ii.    The application note to § 4B1.2 does not add robbery to the list of enumerated generic offenses because the note served only to construe the residual clause

The reference to "robbery" in the application note to § 4B1.2 does not add the generic crime of robbery to the list of enumerated offenses in § 4B1.2(a)(2).[7]  The application note is inconsistent with the substantive Guideline because it purports to add to the enumerated offenses.  The only valid construction of the application note is that the list of additional crimes is an interpretation of the now-void residual clause.

---

[7] The application note provides in pertinent part: "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crimes of violence' if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device), or, by  its nature, presented a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2, comment. (n.1).

The First Circuit confronted almost precisely this issue in *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016).  In *Soto-Rivera*, the question was whether the defendant's prior conviction for being a felon in possession of a firearm could qualify as a crime of violence under the career offender sentencing guideline.  *Id*. at 57.  Although being a felon in possession of a firearm is not listed as an enumerated offense in the Guideline itself – and certainly does not contain an element of force – the application note purports to say that being a felon in possession of a firearm does qualify if the firearm in question was a machinegun.  *Id*. at 60 (citing Application Note 1 to U.S.S.G. § 4B1.2).  So, the government claimed, the application note itself provided a basis for finding the conviction to be a crime of violence even after the residual clause was voided in *Johnson II*.  *Id*.

The First Circuit expressly rejected this argument.  Relying on *Stinson v. United States*, 508 U.S. 36, 38 (1993), the Court treated the text of the substantive Guideline as controlling over the inconsistent application note.  *Id*. at 59-60.  Describing the government's argument as "hopeless," the Court wrote:

> By its clear language, once shorn of the residual clause § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a "crime of violence."  There is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of "crime of violence."

*Id*. at 60.  *See also United States v. Shell*, 789 F.3d 335, 340-341 (4th Cir. 2015) ("[T]he government skips past the text of § 4B1.2 to focus on its commentary," but "it is the text, of course, that takes precedence."); *United States v. Rollins*, 836 F.3d 737, 743 (7th Cir. 2016) (overruled by *Beckles v. United States*, 137 S. Ct. 886 (2017) (2017)) ("[A]pplication note 1 is enforceable only as an interpretation of the residual

clause in § 4B1.2(a)(2); it has no independent legal force. The residual clause is invalid, and the application note's list of qualifying crimes cannot alone supply the basis for a career-offender designation."); and *United States v. Armijo*, 651 F.3d 1226, 1234-1237 (10th Cir. 2011) (rejecting argument that manslaughter qualified as crime of violence because it is listed in commentary; "[t]o read application note 1 as encompassing non-intentional crimes would render it utterly inconsistent with the language of § 4B1.2(a)."). *But see United States v. Walker*, 595 F.3d 441, 443-444 (2d Cir. 2010) ("[The] application note specifically includes 'robbery' as a 'crime of violence' under § 4B1.2(a)."); *United States v. Marrero*, 743 F.3d 389, 399 (3d Cir. 2014) ("offenses listed in Application Note 1 are 'enumerated' for purposes of the crime-of-violence analysis); and *United States v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011) (finding robbery an enumerated offense under § 4B1.2 despite not being listed in guideline's text).

Thus, relying on Circuit precedent, offenses like robbery that are enumerated only in the commentary to U.S.S.G. § 4B1.2 cannot qualify as crimes of violence after the residual clause falls away.  A conviction under California's robbery statute or Massachusetts armed robbery statute can no longer meet the definition of crime of violence as set for in U.S.S.G. § 4B1.2. Therefore, Mr. Boria's sentence was illegally enhanced on that basis.

## 2. Mr. Boria's conviction for Massachusetts ABDW is not a crime of violence after *Johnson II*

Mr. Boria has one prior conviction for assault and battery with a dangerous weapon in Massachusetts, which is codified at M.G.L. ch. 265, § 15A(b). *See* PSR ¶ 83. The statute provides:

> Whoever commits an assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than 10 years or in the house of correction for not more than 2½ years, or by a fine of not more than $5,000, or by both such fine and imprisonment.

Mass. Gen. Laws ch. 265, § 15A(b).

### a. ABDW is indivisible

To determine whether ABDW falls under the force clause of the career offender guideline, the Court looks first to the statute itself. If it sets forth a single crime committed in one fashion it is "indivisible," and the Court applies the "categorical approach" of examining the statutory definition and controlling judicial interpretations of it. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). Only if the statute sets forth various alternative *elements* to committing the crime does it become "divisible," so that the Court may apply the "modified categorical approach" to look beyond the statute itself to the individual defendant's conviction. *Id.*

Mr. Boria recognizes that the First Circuit has held that Massachusetts ABDW is a divisible offense, because it can be committed with two different states of mind (either intentionally or recklessly), and the reckless form (unlike the intentional form) requires a showing that the victim was injured. *United States v. Tavares*, 843 F.3d 1, 16-18 (1st Cir. 2016).

22

However, in a recent ruling, the First Circuit has questioned its divisibility

analysis of ABDW in *Tavares*:

> The question whether Massachusetts ABDW is divisible into
> elementally distinct forms has no easy answer. In <u>Tavares</u>, we
> attempted to predict how the Massachusetts Supreme Judicial Court
> would rule.  843 F.3d at 14-15. But, as we later explained, we did so
> without the benefit of any argument to proceed otherwise. *See United
> States v. Tavares*, 849 F.3d 529, 529-30 (1st Cir. 2017) (denying
> petition for rehearing). We later pointed toward a more "backward-
> looking," "historical" approach in attempting to gauge the divisibility of
> another Massachusetts offense.  [*United States v.] Faust*, 853 F.3d [39,]
> 56-57 [(1st Cir. 2017)] (quoting *McNeill v. United States*, 563 U.S. 816,
> 820, 822 (2011)).

*United States v. Kennedy*, No. 15-2298, 2018 U.S. App. LEXIS 1735, at * 12 (1st Cir.

Jan. 24, 2018).  The Court in *Kennedy* avoided the ultimate question, finding that,

"even if ABDW is divisible into intentional and reckless forms, the record of

Kennedy's prior convictions do not allow us to find that he pled guilty to intentional

ABDW." *Id*.

Using the "backward-looking" historical approach used in *Faust* and

cited with approval in *Kennedy*, Mr. Boria maintains that ABDW is

indivisible, and that *Tavares* is wrongly decided on that point.

Massachusetts ABDW is indivisible because jurors are not required to agree

unanimously on which form a defendant committed in order to convict.  *See

Commonwealth v. Santos*, 440 Mass. 281, 285, 797 N.E.2d 1191 (2003)

(discussing general rule that specific unanimity is not required);

*Commonwealth v. Mistretta*, 84 Mass. App. Ct. 906, 907, 995 N.E.2d 814

(2013) (no requirement of jury unanimity with respect to intentional versus

reckless assault and battery); *Commonwealth v. Davis*, 83 Mass. App. Ct.

23

1108, 981 N.E.2d 234 (table) (2013) (unpub.) (no requirement of juror unanimity as between harmful and offense battery).  Nor is the government required to charge or prove the offense under a particular theory.

*Tavares* declined to view the decision of the Massachusetts Appeals Court as authoritative sources of Massachusetts law, and instead used the "informed prophecy" approach to divine what the Massachusetts Supreme Judicial Court would have done if it had considered the issue.  *See* 843 F.3d at 14.  Using the historical approach, *Mistretta* and *Davis* are the law of the land in Massachusetts and define the requirements of the offense of which Mr. Boria was convicted." Predict[ing] how the SJC would decide whether a specific unanimity instruction is required," *Tavares*, 843 F.3d at 15, is impermissible when the state has already decided the issue.  The offense cannot be redefined and then used as the basis for a career offender guideline enhancement.

If, as Mr. Boria argues, Massachusetts ABDW is indivisible, then it is overbroad because it can be committed recklessly.  Thus, it is categorically not a crime of violence and his prior conviction cannot be used as a career offender predicate.

### b. A Massachusetts conviction for reckless ABDW cannot be treated categorically as a crime of violence

Even if this court disagrees with Mr. Boria's argument and finds that Massachusetts ABDW is divisible, a conviction for reckless ABDW cannot be treated categorically as a crime of violence and therefore cannot serve as the basis for a career offender enhancement.  The First Circuit has held that reckless ADBW is not

a violent felony under the force clause of the ACCA. *United States v. Windley*, 864 F.3d 36, 39 (1ˢᵗ Cir. 2017) (*per curiam*) (adopting the analysis in *Bennett v. United States*, 868 F.3d 1 (1ˢᵗ Cir.), withdrawn as moot by 870 F.3d 34 (1ˢᵗ Cir. 2017)). Thus, ABDW is not categorically a crime of violence, and the conviction for ABDW cannot categorically be counted as a predicate conviction for the career offender analysis. *See Kennedy*, 2018 U.S. App. LEXIS 1735, at * 11.

The First Circuit has instructed sentencing courts to look to the *Shepard* documents in the case and see which version of the offense the defendant was charged with and pled guilty to. *Id.* at **16-17.

### c. A Massachusetts conviction for intentional ABDW is not a crime of violence because it can be committed with a non-violent degree of force

Mr. Boria recognizes that the First Circuit has held that *Tavares* has found that intentional ABDW constitutes a crime of violence under § 4B1.2(a)(1) of the Guidelines. 843 F.3d at 13 (citing reasoning in *United States v. Whindleton*, 797 F.3d 105 (1ˢᵗ Cir. 2015)). Nevertheless, he preserves the issue here because *Whindleton's* reasoning is flawed. *See* Section III.B.4 on ADW below.

### 3. Mr. Boria's conviction for Massachusetts assault with intent to rob is not a crime of violence after *Johnson II*

Mr. Boria has one prior conviction for assault with intent to rob in Massachusetts, which is codified at M.G.L. ch. 265, § 20. *See* PSR ¶ 83B. The statute provides:

> Whoever, not being armed with a dangerous weapon, assaults another with force and violence and with intent to rob or steal shall be punished by imprisonment in the state prison for not more than ten years.

Mass. Gen. Laws ch. 265, § 20.

### a.    "Force and violence" is accomplished by a *de minimis* use of force

Force, under Massachusetts law, encompasses a "mere touching."  *See Commonwealth v. Burke*, 390 Mass. 480, 482-483, 457 N.E.2d 622 (1983); *United States v. Martinez*, 762 F.3d 127, 137 (1st Cir. 2014).  "Force and violence" under § 20 has thus been found where, for instance, a defendant "grabbed at $100 in bills which a cashier was holding in her hand," and the "cashier held onto the money and tugged back," causing the "corners of the bills [to tear] off in the defendant's hands as a result of the tug-of-war."  *Commonwealth v. Ramos*, 6 Mass. App. Ct. 955, 955, 383 N.E.2d 526 (1978) (citing *Commonwealth v. Jones*, 362 Mass. 83, 87, 283 N.E.2d 840 (1972)).  *See* also *Commonwealth v. Brown*, 2 Mass. App. Ct. 883, 883, 318 N.E.2d 486 (1974) ("the pulling of a purse from a victim's hand constituted sufficient force to satisfy the 'by force and violence' alternative of the statutory definition" of robbery).  This alone renders § 20 overbroad and categorically *not* a crime of violence.

### b.    Assault encompasses an unpermitted, non-violent touching

Furthermore, assault is itself overbroad.  Massachusetts recognizes "two theories of assault under the common law:  attempted battery and threatened battery." *Porro*, 458 Mass. at 530.  "[A] threat of a slight touching, if merely offensive, is sufficient to establish a threatened battery, and thus an assault."

*Martinez*, 762 F.3d at 138 (citing *Porro*, 458 Mass. at 529-531).[8]  The prosecution need not elect between the attempted or threatened theories of assault, a jury need not be unanimous as to the theory, and a special verdict slip need not distinguish between a conviction for an attempted battery and a threatened battery, even when the Commonwealth proceeds upon both theories.[9]  For this reason, in *Martinez*, the First Circuit concluded that Massachusetts simple assault, M.G.L. ch. 265, § 13A, did not constitution a crime of violence under the force clause of the Sentencing Guidelines.  *Id.* at 138.  *See also United States v. Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015) (noting that "the element of a dangerous weapon [in ADW] imports the 'violent force' required by *Johnson* into the *otherwise overbroad* simple assault statute." (emphasis added)).  The SJC "has never repudiated either the principle that assault is an attempted or threatened battery or the principle that battery does not require violent force."  *Martinez*, 762 F.3d at 138.  Because assault requires only the degree of force necessary for "a 'mere touching,'" Massachusetts simple assault does not meet the force clause requirements.  *Id.* at 137, citing *Commonwealth v. Burke*, 390 Mass. 480, 482-483, 457 N.E.2d 622 (1983).

---

[8] *See also* Mass. Criminal Model Jury Inst. 6.120 (Assault) ("[i]n order to establish the first form of assault – an attempted battery – the Commonwealth must prove … that the defendant intended to commit a battery – that is, a harmful *or an unpermitted* touching….;" a threatened battery requires proof that "the defendant intended to put [the victim] in fear of an imminent battery" (emphasis added)).
[9] *See* Instruction 6.120 (Assault), n.9, available at https://www.mass.gov/files/documents/2016/10/ts/6120-assault.pdf.  *See also Commonwealth v. Arias*, 78 Mass. App. Ct. 429, 433, 939 N.E.2d 1169 (2010); *Commonwealth v. Santos*, 440 Mass. 281, 289, 797 N.E.2d 1191 (2003).

**c.      The intent to rob does not convert assault into a crime of violence**

Finally, the fact that a defendant commits a simple assault with intent to rob does not convert the offense into a crime of violence.  The force clause does not reach the readiness to use violence.  *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) (holding Massachusetts armed robbery is not a violent felony under the ACCA) ("T]he force clause requires the actual, attempted or threatened use of physical force, not a mere uncommunicated willingness or readiness to use such force.") (citation omitted).

**4.      Massachusetts ADW is not categorically a crime of violence**

The Court need not reach the ADW issue should it find that the above contested predicates (California robbery (PSR ¶¶ 78, 78A), Massachusetts armed robbery (PSR ¶¶ 82, 83, 83A), Massachusetts ABDW (PSR ¶ 83), and Massachusetts assault with intent to rob (PSR ¶ 83B)) are no longer crimes of violence.

Mr. Boria acknowledges that the First Circuit in *Whindleton* held that ADW is categorically a violent felony under the force clause of the ACCA.  797 F.3d at 113-116.  *See also, United States v. Fields*, 823 F.3d 20, (1st Cir. 2016) (in light of *Whindleton*, ADW qualifies as a crime of violence under the force clause of the career offender provision of U.S.S.G. § 2K2.1(a)(4)(A)).  Nevertheless, he preserves the issue here because *Whindleton's* reasoning is flawed.

An assault is an offer or an attempt to do a battery.  *Burke*, 390 Mass. at 482. Thus, there are two theories of assault:  (1) attempted battery and (2) threatened battery.  *Porro*, 458 Mass at 530 (citing *Commonwealth v. Richards*, 363 Mass 299,

303, 293 N.E.2d 854 (1973).[10]  Since Massachusetts defines an assault (and

therefore ADW) as either an attempted or threatened battery, the elements of

battery must be examined to determine whether ADW is a violent felony.  One form

of battery occurs upon "a mere touching, however slight."  *Porro*, 458 Mass. at 529

(citing *Commonwealth v. McCan*, 277 Mass 199, 203, 178 N.E. 633 (1931)); *see also*

*Burke*, 390 Mass. at 482; *Martinez*, 762 F.3d at 138 (holding that simple assault

encompasses an attempted or threatened touching if offensive).

Because a battery encompasses a mere touching however slight,

Massachusetts ADW fails to qualify as a violent felony under the career offender

guideline's force clause.  *See Johnson I*, 559 U.S. at 138; *see also Fish*, 758 F.3d at 9

(holding that ABDW is not a crime of violence under 18 U.S.C. § 16 because a

"touching however slight … does not have as an element the use of physical force.")

Federal courts applying the ACCA are "bound by the [state court's]

interpretation of state law, including its determination of the elements [of the

offense]."  *Johnson I*, 559 U.S. at 138.  *Whindleton's* analysis—which found that the

dangerous weapon element "imports the 'violent force' required by *Johnson*"—

overlooks Massachusetts law with respect to ADW.  That is, ADW occurs upon an

---

[10] Contrary to Massachusetts law, the panel in *Whindleton* combined attempted and
threatened battery into a single element.  *Whindleton*, 797 F.3d at 114.  The SJC
has reiterated that the attempted battery form of assault requires the intent to
commit a battery, an overt step towards accomplishing the battery, and a
reasonably near completion of the battery.  *Porro*, 458 Mass. at 530-31.  A
threatened battery, by contrast, requires contact that a reasonable person would
recognize as threatening, an intent to place the victim in fear of an imminent
battery, and the victim's perception of the threat.  *Porro*, 458 Mass. at 530-31.  "An
assault under a theory of attempted battery, therefore, has elements different from
an assault under a theory of threatened battery."  *Porro*, 458 Mass. at 531.

attempted touching, however slight, with a dangerous weapon, which fails to include the mandated violent physical force.  *See also, Commonwealth v. Lednum*, 75 Mass. App. Ct. 722, 916 N.E.2d 416 (2009) (evidence sufficient for ADW where defendant uncapped gas line and turned on gas, releasing it into occupied house).

As a result, ADW is not categorically a crime of violence under the guidelines' career offender force clause.

### CONCLUSION

Mr. Boria is entitled to relief under § 2255 because, in light of *Johnson II*, his sentence violates due process of law.  This Court should vacate his erroneous sentence and re-sentence him without the U.S.S.G. § 4B1.1 enhancement for prior crimes of violence.

Respectfully submitted,
MICHAEL BORIA
By his attorney,

/s/ Mark W. Shea                                            Dated:  February 12, 2018
Mark W. Shea
Shea and LaRocque
929 Massachusetts Avenue, Suite 200
Cambridge MA  02139-3134
617.577.8722
markwshea@gmail.com

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) will be sent to those indicated as non registered participants on February 12, 2018.

/s/ Mark W. Shea
MARK W. SHEA