United States District Court
District of Massachusetts

| | |
|---|---|
| Michael Boria, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Defendant. )<br>)<br>) | Criminal Action No.<br>00-cr-40024-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Michael Boria ("Boria" or "petitioner") contends that he was sentenced pursuant to an unconstitutionally vague provision of the United States Sentencing Guidelines ("the Sentencing Guidelines") under Johnson v. United States, 135 S.Ct. 2551 (2015). Pending before the Court is Boria's motion to correct his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 159).

## I. Factual Background

In 2001, a four-day jury trial resulted in Boria's conviction on five counts of distribution of heroin and two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). At his sentencing in March, 2003, the Court found that Boria qualified for an enhanced offense level under the career offender provision of the Sentencing

Guidelines. U.S.S.G. § 4B1.1 ("the Career Offender enhancement").

The Court determined that Boria had a base offense level of 32 which was increased by 2 levels pursuant to the Career Offender enhancement resulting in a total offense level of 34. The Court also scored 31 criminal history points which placed the defendant in Criminal History Category VI (two and one-half times over).

Boria's total offense level and criminal history category yielded a guidelines sentencing range of 262-327 months. The government moved for an upward departure based on Boria's extensive criminal history which this Court denied. The Court then sentenced Boria to the high-end sentence of 327 months imprisonment, followed by five years of supervised release.

## II. **Procedural Background**

Boria appealed to the United States Court of Appeals for the First Circuit, which affirmed his conviction and sentence (Docket No. 123). In 2005, he filed his first § 2255 motion to vacate claiming ineffective assistance of counsel and Apprendi error, which this Court denied (Docket No. 125). In January, 2015, Boria filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782, which this Court also denied (Docket No. 151).

In June, 2016, Boria filed the instant § 2255 petition with

this Court (Docket No. 159). The petition was stayed while Boria applied to the First Circuit for leave to file a second or successive § 2255 petition (Docket No. 162). The First Circuit granted Boria's application in November, 2017, (Docket No. 163) and this Court ordered briefing on the petition (Docket No. 166).

## III. **Statutory Background**

Boria was convicted under 21 U.S.C. § 841(a)(1). The applicable Sentencing Guideline for a conviction under § 841(a)(1) is U.S.S.G. § 2D1.1. Boria also qualified for the Career Offender enhancement because his offense involved a controlled substance and the Court determined he had the requisite prior criminal offenses. U.S.S.G. § 4B1.1

The Career Offender enhancement provides that a Court shall enhance a defendant's offense level if the instant offense of conviction is a "controlled substance offense" and the defendant has prior convictions for one or more felony "controlled substance offense[s]" or "crime[s] of violence." Id. A "crime of violence" under § 4B1.1 incorporates the definition of that term in § 4B1.2. At the time of Boria's sentencing, an offense qualified as a crime of violence under § 4B1.2 if it was punishable by at least one year imprisonment and 1) involved the use, actual, attempted or threatened, of physical force, 2) was one of several enumerated offenses or 3) qualified under the

"residual clause" which covered offenses that

> otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to others.

("the Career Offender residual clause") § 4B1.2.

At sentencing, the Court found that Boria qualified for the Career Offender enhancement because he committed a controlled substance offense and had four other felony convictions that qualified as crimes of violence under § 4B1.2: robbery (under California law) and armed robbery, assault with intent to rob and assault and battery with a deadly weapon (under Massachusetts law).

## IV. Motion To Correct Sentence Under § 2255

### A. Legal Standard

A prisoner in federal custody may collaterally attack his sentence under 28 U.S.C. § 2255. Section 2255 contemplates four bases on which a federal prisoner may obtain relief:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.

Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013) (internal citations omitted). The burden of proof is on the petitioner. Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015).

Generally, a federal prisoner challenging his sentence

under § 2255 may not rely on a new rule of constitutional law that was announced after his conviction became final. Butterworth v. United States, 775 F.3d 459 (1st Cir. 2015). The Supreme Court has recognized two categories of decisions that fall outside of that general bar on retroactivity: "new substantive rules" and "watershed rules of criminal procedure." Welch v. United States, 136 S.Ct. 1257, 1264, (2016) (citing Teague v. Lane, 489 U.S. 288 (1989)).

A motion to vacate a sentence must be filed within one year of the date that sentence became final. § 2255(f)(1); Bucci v. United States, 662 F.3d 18, 29 (1st Cir. 2011). There is an exception that treats a motion as timely if filed within one year of

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(3).

**B. Application**

The government does not dispute that, under current First Circuit law, if the Career Offender residual clause was unconstitutional at the time of Boria's sentence, Boria had only one conviction that qualified as a "crime of violence" under § 4B1.2, and therefore was not a career offender.

The government nonetheless argues that Boria's petition

should be denied because it is untimely and procedurally defaulted.

**1. Timeliness**

Boria's sentence became final in May, 2004. He filed this petition 12 years later in June, 2016. Boria submits that his petition is nevertheless timely because he filed it within one year of the seminal decision of the United States Supreme Court which recognized the right he asserts in Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson II"). The government responds that Boria's petition is untimely because 1) it rests on a new right not recognized by the Supreme Court in Johnson II and 2) even if Johnson II applies, it cannot apply retroactively to Boria's case on collateral review.

**a. Applicability of Johnson II**

In Johnson II, the Supreme Court considered the constitutionality of the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)B). Johnson II, 135 S.Ct. at 2557. The ACCA applies to an individual convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and mandates an increase in sentence when the defendant has been convicted of three or more "serious drug offense[s]" or "violent felon[ies]". § 924(e)(1).

Prior to Johnson II, a "violent felony" was defined to include any crime punishable by imprisonment for a term

exceeding one year that 1) involved actual, attempted or threatened use of physical force, 2) falls within a list of certain enumerated offenses or 3) is an offense that

> otherwise involve[d] conduct that present[ed] a
> serious potential risk of physical injury to another

("the ACCA residual clause") § 924(e)(2)(B).

The Supreme Court in Johnson II found the ACCA residual clause problematic because it resulted in "indeterminacy about how to measure the risk posed by a crime" combined with "indeterminacy" about the level of risk required for a crime to qualify as a "violent felony." Id. at 2558. The Court concluded that the clause created more unpredictability and arbitrariness than was permissible under the Due Process Clause of the Fifth Amendment of the United States Constitution. Id.

Thereafter, the Court determined that the rule it announced in Johnson II was a new substantive rule because it altered the "range of conduct or the class of persons that the law punishes" by restricting a court's ability to sentence a defendant pursuant to the ACCA residual clause. Welch v. United States, 136 S.Ct. 1257, 1264-65 (2016). As a result, the Court held that Johnson II applied retroactively to cases on collateral review. Id.

Here, Boria contends that he is entitled to have his sentence vacated because it was predicated on the Career

Offender residual clause.  Boria asserts that Johnson II, made retroactively applicable by Welch, applies to the Career Offender residual clause with equal force because that clause is identical to the ACCA residual clause found unconstitutional in Johnson II.

The Supreme Court in Beckles v. United States considered the applicability of Johnson II to a sentence imposed pursuant to the Career Offender residual clause after the Sentencing Guidelines were made "advisory" by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). Beckles, 137 S.Ct. 886, 895-97 (2017).  The Court declined to apply Johnson II to vacate the petitioner's sentence reasoning that the post-Booker "advisory [Sentencing] Guidelines are not subject to vagueness challenges." Id. at 894, 896-97.  Whereas the ACCA residual clause fixed a higher range of sentences in an impermissibly vague manner, the advisory Sentencing Guidelines "merely guide the exercise of a court's discretion" in fixing an appropriate sentence. Id. at 892. The Court held, therefore, that the post-Booker advisory Sentencing Guidelines did not implicate notice and arbitrariness, "the twin concerns underlying the vagueness doctrine." Id. at 894.

Unlike the petitioner in Beckles, Boria was sentenced pursuant to the pre-Booker Career Offender residual clause, when the Sentencing Guidelines were considered mandatory and "fix[ed] a permissible range of sentences." Id. at 892. Justice Sotomayor, in her concurring opinion in Beckles emphasized that the majority's opinion did not address whether Johnson II applied to pre-Booker sentences pursuant to the Career Offender residual clause. Id. at 903 n.4 (Sotomayor, J., concurring in judgment).

The First Circuit addressed the applicability of Johnson II post-Beckles to pre-Booker sentences in Moore v. United States, 871 F.3d 72 (1st Cir. 2017). In Moore, the petitioner sought to certify a second or successive § 2255 petition. Id. at 81-84. The petition relied on Johnson II, which petitioner argued, much like Boria argues in the case at bar, invalidates the pre-Booker Career Offender residual clause. Id. at 74. The court held that the petitioner made a prima facie showing that his petition relied on a new rule of law made retroactively applicable by the Supreme Court. Id. at 80. In doing so, the First Circuit rejected the very characterization of Johnson II proffered by the government here, which was also rejected by this Court in United States v. Roy, 282 F. Supp. 3d 421, 426-27 (2017). As this Court explained in Roy,

> [The rule from Moore is that] [i]n Johnson II, the Supreme Court held that the residual clause of the ACCA is too vague to provide a standard, consistent with due process, "by which courts must fix sentences". The rule applies to another law, i.e., the Sentencing Reform Act of 1984 ("SRA"), which includes an identically-worded residual clause in the career offender guideline to fix sentences.

Roy, 282 F. Supp. 3d at 426-27 (internal citation omitted).

The government, drawing from Beckles, contends that Johnson II cannot apply to Boria's petition because the pre-Booker mandatory Sentencing Guidelines allowed a sentencing judge to depart from the applicable range and so did not "fix" sentences in the same "mandatory" sense as the ACCA. This argument was rejected by the First Circuit in Moore and by this Court in Roy.

First Circuit law accepts Boria's argument that the pre-Booker mandatory Sentencing Guidelines "fix" sentences for purposes of Johnson II. Moore, 871 F.3d at 82 ("[A] statute found to 'bind[]' in Booker necessarily 'fix[es]' under Johnson II."); Roy, 282 F. Supp. 3d at 427. In this circuit, the limited instances in which a sentencing court was permitted to depart from the pre-Booker mandatory Sentencing Guidelines do not remove the pre-Booker Sentencing Guidelines from the reach of Johnson II. Moore, 871 F. 3d at 83; see also United States v. Moore, No. 1:00-10247-WGY-1, *6-7 (D. Mass. Nov. 14, 2018) ("We must always

remember that the oxymoronic mandatory guidelines had the force of law and that law was unconstitutional.").

Every session of this Court to consider the issue, including this session in Roy, has held that the Career Offender residual clause violates the Due Process Clause under Johnson II. Roy, 282 F. Supp. 3d at 427-428 (Gorton, J.); Reid v. United States, 252 F. Supp. 3d 63, 66-68 (D. Mass. 2017) (Ponsor, J.); Moore, No. 1:00-10247-WGY-1, *6-7 (Young, J.).

This Court declines the government's invitation to "realign its views" with the views of other circuits which have already been rejected by the First Circuit. See Moore, 871 F. 3d at 81 ("[W]e find ourselves quite skeptical of the government's reliance on recent Eleventh Circuit precedent to contend that the mandatory guidelines 'did not alter the statutory boundaries for sentences set by Congress for the crime.'" (quoting In re Griffin, 823 F.3d 1350, 1355 (11th Cir. 2016)).

The rule announced in Johnson II, as interpreted by the First Circuit, renders the Career Offender residual clause of the pre-Booker mandatory Sentencing Guidelines violative of due process. As a result, Boria's petition does not seek recognition of a new right but instead seeks application of the right announced in Johnson II.

### b.  Retroactivity

The government submits that even if Johnson II recognized a right to challenge sentences imposed under the pre-Booker mandatory Sentencing Guidelines, that right does not apply retroactively to cases on collateral review because it is a procedural rule rather than a substantive one and is not a "watershed rule."

This Court rejected that precise argument in Roy. Roy, 282 F. Supp. 3d at 428.  Johnson II indisputably announced the new rule that the ACCA residual clause violates due process and was made retroactively applicable by Welch. Johnson II, 135 S.Ct. at 2257; Welch, 136 S.Ct. at 1264. Boria's request to apply Johnson II to the identically-worded Career Offender residual clause does not require the Court to establish a new rule. See Roy, 282 F. Supp. 3d at 428.  Such a task requires only that the Court apply a previously established rule of law to interpret a statute, the SRA. Id. See also Moore, 871 F.3d at 81 (explaining that the court was not required to "make new constitutional law in order to hold that the pre-Booker SRA fixed sentences").

Boria was sentenced in 2003 pursuant to the Career Offender residual clause of the pre-Booker mandatory Sentencing Guidelines.  Here, as in Roy, a "straightforward

application" of Johnson II is appropriate. Id. Accordingly, Boria's petition is timely because 1) it relies upon the rule announced in Johnson II and 2) that rule applies retroactively to Boria's petition on collateral review.

### 2. **Procedural Default**

The government separately contends that Boria's petition is procedurally defaulted because Boria failed to raise his argument that the Career Offender residual clause was unconstitutional at sentencing or on direct appeal.

A federal prisoner procedurally defaults his § 2255 petition if he fails to present it to the trial court or pursue it on direct appeal. Bucci v. United States, 662 F.3d 18, 29 (1st Cir. 2011). Procedural default precludes relief under § 2255 unless the defendant can demonstrate "cause for having procedurally defaulted his claim" and that the error resulted in "actual prejudice." Id. The government argues only that Boria cannot demonstrate that the sentence he received under the pre-Booker Career Offender residual clause resulted in "actual prejudice."

To establish "actual prejudice" in excuse of procedural default a petitioner must show a "reasonable probability" that his sentence would have been different but for the alleged error. Roy v. United States, 282 F. Supp. 3d 421, 429 (D. Mass.

2017) (citing Wilder v. United States, 806 F.3d 652, 685 (1st Cir. 2015). The Court need not find that it would have sentenced petitioner differently, only that there is a reasonable probability of such a result. Roy, 282 F.Supp.3d at 429.

Here, Boria must demonstrate that there is a reasonable probability that the Court would have imposed a different sentence if he had not been classified as a career offender under the residual clause. The government submits that the Court would have imposed the same sentence, emphasizing the Court's determination that Boria was a paradigmatic career offender whose conduct warranted a sentence at the high end of the applicable Sentencing Guidelines range. The Court further recognized that the Sentencing Commission took into account the seriousness of Boria's offense in combination with his extensive criminal history in establishing the Career Offender enhancement. Consequently, the government reasons, if Boria did not qualify as a career offender, the Court would have been inclined to depart upward and impose an equal sentence to account for Boria's extensive criminal history.

Boria rejoins that resentencing him to 327 months without the Career Offender enhancement would result in a significant upward departure from the otherwise applicable Sentencing

Guidelines range of 210-262 months.  Boria further contends that at resentencing, Amendment 782 would apply.  Amendment 782 reduced the offense levels assigned in the Drug Quantity Table by two levels and, by vote of the Sentencing Commission on July 18, 2014, applies retroactively to non-career offender designation offenses.  See United States v. Vaughn, 806 F.3d 640, 643 (1st Cir. 2015); United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008).  Although this Court previously rejected Boria's motion for a retroactive reduction of his sentence pursuant to Amendment 782, the Court's reasoning relied on the preclusive effect of Boria's career offender designation (Docket No. 151).  In the absence of such a designation, the Court would be inclined to reconsider its denial.  According to Boria, the application of Amendment 782 would yield a Sentencing Guidelines range of 160-210 months.  See U.S.S.G. § 5A.

Boria was sentenced in error pursuant to the unconstitutionally vague pre-Booker Career Offender residual clause.  See Moore, 871 F.3d at 82; Roy, 282 F. Supp. 3d at 428.  This Court sentenced him to the high end of a range entailing significantly longer periods of incarceration than would have been applicable had the calculation been done without the constitutional violation.  The government is correct that it is unknown whether the Court would have departed upward in the absence of the application of the Career Offender enhancement.

Even so, there is at least a "reasonable probability" that Boria would have been sentenced to some period of incarceration less than 327 months after an upward departure from a significantly lower guidelines range. Accordingly, Boria has demonstrated the requisite prejudice to overcome his procedural default. See Roy, 282 F. Supp. 3d at 432 (citing Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015).

Boria has also demonstrated sufficient cause to overcome his procedural default which the government does not dispute. To demonstrate cause, a petitioner must show that the factual or legal basis for his claim was not "reasonably available to counsel" at the time of direct appeal. Reed v. Ross, 468 U.S. 1, 16 (1984). When a petition is based on a change in the law, the petitioner must show that the claim is sufficiently novel. Id. It cannot be reasonably disputed that Johnson II represented a "monumental shift" in the law that explicitly overruled prior precedent. See Roy, 282 F. Supp. 3d at 429. Boria's claim based on Johnson II is, therefore, sufficiently novel to establish cause to excuse his procedural default.

## ORDER

For the foregoing reasons, Boria's motion to correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 159) is **ALLOWED**.  A re-sentencing hearing will be scheduled promptly.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 9, 2019